PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of her vehicle encountering a patch of ice while she was traveling on County Route 35, Cabell County. County Route 35 is a road maintained by respondent in Cabell County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred onFebruary 5,2003, around 8:00 a.m. Claimant was traveling to work on County Route 35 in her 2000 Hyundai Sonata. County Route 35 is a two lane road. Claimant testified that she was driving between twenty-five and thirty miles per hour with no traffic around her. She was cresting a knoll proceeding through a curve when her vehicle struck a large patch of ice covering her travel lane. She had not observed the ice. Upon encountering the ice, Mrs. Hollett lost control of her vehicle which slid into a yard. She was finally able to apply her brakes but the application of the brakes caused her vehicle to fish tail, and her vehicle struck another vehicle parked in the driveway. It then to ran over a birdbath and came to a stop. Claimant’s vehicle sustained damages totaling over $8,000.00. Claimant’s insurance deductible was $500.00. Her insurance also covered up to $20.00 per day for vehicle rental. Due to the damages to her car, Mrs. Hollett was required to rent a vehicle for some six weeks while her vehicle was repaired. She had to pay $224.00 for the rental vehicle that her insurance did not cover. Mrs. Hollett is requesting an award for her insurance deductible and the out-of-pocket expenses for the rental vehicle for a total of $724.00 in damages.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 35 at the site of the claimant’s accident for the date in question.
Mike King, Highway Administrator 2 for the respondent in Cabell County, testified that he had no knowledge of any ice problems on County Route 35 on the date of or prior to the date of the incident herein. Mr. King stated that his office did not receive any telephone calls about the icy condition along this stretch of road prior to claimant’s accident. He stated that if there was any notice of an icy condition on the road, crews for the respondent would be working overnight to remove the ice from the road way. Mr. King opined that with the amount of ice that was apparent in claimant’s photograph exhibits, there may have been a water leak at one of the residences in the area that caused an extensive area of ice to form on the road. He stated that it appeared from the photographs that claimant presented that there were no other wet areas aside from that particular icy patch on the road, and that this further suggests that a water pipe break, as *179 opposed to rainfall or melting snow, caused the ice to form. Mr. King also testified that it appeared from claimant’s photographs that the driveways in the area were not properly connected to the State right-of-way, as there appeared to be no drains or pipes beneath the driveway, and that this too could have contributed to the icy condition on the date of the incident.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The State can neither be required or expected to keep its highways absolutely free of ice and snow at all times, and the presence of an isolated ice patch on a highway during winter months, or a water patch in summer is generally insufficient to charge the State with negligence. Richards v. Division of Highways, 19 Ct. Cl. 71 (1992); McDonald v. Dept. of Highways, 13 Ct. Cl. 13 (1979); Christo v. Dotson, 151 W.Va. 696, 155 S.E.2d 571 (1967). The Court is of the opinion that the respondent did not have actual or constructive notice of the potential for ice to create a hazardous condition on County Route 35 at the time of claimant’s accident. Respondent did not have a reasonable opportunity to make repairs. Thus, the claimant is not entitled to an award for her losses.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.